**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **V.** | § | **CRIMINAL CASE NO. 3:18-CR-628-K** |
| | § | |
| **KATIE JEANNE JOHNSON,** | § | |
| **#58105-177,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Katie Jeanne Johnson's *pro se* letter request for release due to the COVID-19 virus pandemic, which was referred to the United States Magistrate Judge under 28 U.S.C. § 636(b). Doc. 40; Doc. 41. As detailed here, the motion should be **DENIED**.

## I. BACKGROUND

In 2019, Johnson pled guilty to bank robbery and was sentenced to 36 months' imprisonment. Doc. 38. She now seeks release from confinement due to "serious medical conditions," including Crohn's Disease, which she asserts renders her "uniquely susceptible" to the COVID-19 virus. Doc. 40 at 2, 4. Johnson alleges that the COVID-19 virus pandemic rises to an "extraordinary and compelling circumstance" and that she qualifies for release under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136 (March 27, 2020). Doc. 40 at 6-8.

According to the BOP's website, Defendant is 31 years of age, has a projected release date of June 24, 2021, and is confined at Carswell FMC in Fort Worth, Texas. As of June 4, 2020, the BOP's website reported no COVID-19 positive cases among Carswell's inmates and

staff but noted that one inmate had previously died, and one had recovered.[1]

Upon review, the Court concludes that Johnson provides no authority to justify her immediate release or sentence reduction.

## II. ANALYSIS

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Court liberally construes Johnson's *pro se* motion as requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. It should be denied, however, because Johnson has not shown that she has exhausted the applicable administrative remedies. Specifically, Johnson does not allege that she attempted to exhaust her administrative remedies by requesting compassionate relief from the BOP. She avers simply that "further pursuit of my administrative remedies would be futile." Doc. 40 at 3. Notwithstanding Johnson's assertion, section 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (accessed on June 5, 2020).

foreclosing compassionate release" where "BOP has not had thirty days to consider [the

defendant's] request to move for compassionate release on his behalf" or if "there has been no

adverse decision by BOP for [the defendant] to administratively exhaust within that time period."

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Miller,* No.

2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020).

Moreover, Johnson does not provide specific factual information unique to her own

circumstances and/or preexisting medical conditions sufficient to excuse her failure to exhaust

administrative remedies even considering the exceptional circumstances of the COVID-19

pandemic.  *See Raia*, 954 F.3d at 597 ("the mere existence of COVID-19 in society and the

possibility that it may spread to a particular prison alone cannot independently justify

compassionate release, especially considering BOP's statutory role, and its extensive and

professional efforts to curtail the virus's spread" (citations omitted)).

Even discounting Johnson's failure to exhaust, the Court finds that Johnson has not

presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy

Statement to warrant a reduction of her sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered
> "extraordinary and compelling reasons."  Among these are the "medical condition
> of the defendant," including where the defendant is "suffering from a serious
> physical or medical condition ... that substantially diminishes the ability of the
> defendant to provide self-care within the environment of a correctional facility and
> from which he or she is not expected to recover."

*Muniz*, 2020 WL 1540325, at *1 (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1)[2]

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step
Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district
courts have declined to apply this policy statement. *See, e.g., United States v. Gonzalez*, No. SA-
05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v.
Perdigao*, Crim. A. No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).

The Court does not discount Johnson's Crohn's Disease or that it is likely more difficult for her or any prisoner to follow health officials' precautions for "social distancing" and frequent handwashing while in custody. Johnson has failed, however, to provide any medical records or other evidence sufficient to establish exceptional and compelling circumstances due to the current severity of her medical conditions and inability for self-care. General concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially given Johnson's relative youth and that there are no positive COVID-19 cases at Carswell FMC.

Finally, to the extent Johnson seeks release to home confinement, the BOP has the discretion to place a prisoner on home confinement toward the end of her sentence under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 389 n. 6 (5th Cir. 1995). *See also* CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat 281 (2020) ("the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2)"). However, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *Miller*, 2020 WL 2514887, at *1.

### III.  CONCLUSION

For the foregoing reasons, Johnson's motion for release due to the COVID-19 virus pandemic should be **DENIED**.

**SO RECOMMENDED** on June 8, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).